Frank CAVENDER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 52801.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 23, 1977.

---

Charles D. Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Gordon V. Armstrong and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder with malice.[1] Punishment was assessed by the jury at seventy-five years.

Prosecution stems from an indictment charging appellant with killing his aunt, Lillian Lucille Garcia, by stabbing her with a knife on or about the 21st day of January, 1972.

Appellant contends that the court erred in overruling his motion for mistrial "when the prosecutor asked appellant if his mother hadn't told his uncle (Pablo Garcia, the deceased's husband) that Frank [appellant] had stabbed his aunt (the deceased) and that he (the prosecutor) had 'all the proof in his file the counsel (defense) wants.'"

The record reflects that appellant took the stand in his own behalf and denied the crime. The following occurred during cross-examination which gives rise to appellant's contention:

"Q. Frank, as a matter of fact, you told your own mother that you went into that house and stabbed and raped your aunt; isn't that true?

"A. That is negative, sir.

"MR. SEMAAN [defense counsel]: Your Honor, unless he has—

"MR. CONAWAY [prosecutor]: Not only that, but your mother has told your uncle Paul [husband of deceased] that; isn't that the reason that he is—

"THE WITNESS: That is a lie, sir.

"MR. CONAWAY: Isn't that the reason that he is so angry?

"MR. SEMAAN: Your Honor, I will ask for a mistrial unless he has some real evidence in his file to support that and not—

"MR. CONAWAY: I have all the real evidence in the file that Counsel needs, if he wants it."

Appellant's objection was sustained and the jury was instructed that "statements of Counsel in framing questions do not constitute evidence. . . . If a counsel asking a question, whatever he adds, or a matter of fact or brings in, is not admissible in evidence and you are instructed you are not to consider it for any purpose whatsoever."

Appellant's motion for mistrial was overruled.

At the conclusion of appellant's testimony and out of the presence of the jury, counsel for appellant requested that the court determine the prosecutor's good faith in asking the question and the record reflects the following:

---

1. The conviction resulting from the first trial of this case was reversed by this Court in *Cavender v. State*, 515 S.W.2d 277 (1974).

"THE COURT: What is the question based on?

"MR. CONAWAY: Because he told me that. He says that he talked to another sister in California who says that the mother of the defendant told that sister and that sister told him that she—the mother knew that your client had committed the offense and that she felt bad about it. She felt responsible about it because she hadn't gotten any psychiatric care for him.

\*     \*     \*     \*     \*     \*

"MR. SEMAAN: And your basis for the asking of that question is because Pablo Garcia, the husband of the deceased, said that one of his sisters told another of his sisters that the mother of the defendant said that he had killed—he, the defendant, had killed his aunt, the deceased?

"MR. CONAWAY: That's right."

Appellant renewed his motion for mistrial, urging that the prosecutor had not established a basis for asking the question, and the same was overruled by the court.

Clearly, the prosecutor's questions to appellant about telling his mother that he "stabbed and raped" his aunt and the assertion that his "mother has told your uncle Paul that" and inquiry if that were "the reason that he is—" were improper. The prosecutor's basis for asking same, being bottomed on hearsay several times removed, was far too tenuous to justify the questions.

■ This Court rarely reversed a conviction of crime solely because an improper question was propounded to the defendant as a witness. To cause reversal, the question must be obviously harmful to the defendant. *Gowans v. State*, 522 S.W.2d 462; *Sensabaugh v. State*, 426 S.W.2d 224.

■ Further, any error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard. The exception to this general rule occurs where it appears that the question or the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Boyde v. State*, Tex.Cr.App., 513 S.W.2d 588; *Mitchell v. State*, Tex.Cr.App., 455 S.W.2d 266; *White v. State*, Tex.Cr.App., 444 S.W.2d 921.

■ The State was dependent upon circumstantial evidence for conviction in the instant case. The record was devoid of any evidence of admission by appellant of the crime. There was no evidence of any statement having been made by appellant's mother to the deceased's husband about appellant having made such an admission. The prosecutor's question to appellant about having told his mother that he "stabbed and raped" his aunt was followed by, "your mother has told your uncle Paul that; isn't that the reason [he is so angry]?" Appellant then objected that the prosecutor did not have evidence to support the asking of the question. The harmfulness of the prosecutor's questions was compounded by the prosecutor's response, "I have all the real evidence in the file that Counsel needs, if he wants it." The inescapable conclusion for the jury to have drawn from the prosecutor's comment was that he had evidence in his file which would support the fact that appellant had admitted the crime to his mother and that his mother had told his uncle about it. The prosecutor's question, coupled with his statement that he had all the evidence in the file, was clearly calculated to inflame the minds of the jury, and we find same to be so harmful and prejudicial to appellant that the impression produced on the minds of the jury could not be withdrawn by the court's instruction. Such error requires reversal of this cause.

We express concern about a number of outbursts by State's witnesses and, in the event of retrial, we suggest that greater effort be employed by the court in seeing that witnesses restrain themselves in this respect. In making this observation, we are not unaware, as even a cold record demonstrates, that the trial was conducted under highly emotional circumstances and that there was intense feeling by members of

deceased's immediate family toward the appellant. Nonetheless, unresponsive comments by witnesses such as, (1) "That son of a bitch right there, sir, he came and raped my wife and killed her. That son of a bitch right there. And I got proof, too. You want to hear it?", (2) "I don't associate with murderers" (in response to the question of whether the witness knew appellant now), (3) "You are as nuts as your client" (directed to appellant's counsel as the witness left the stand), have no place in the courtroom and tend to militate against an atmosphere which is favorable to a fair trial for an accused. Further, we note that after the court instructed the jury to disregard the witness' comment "I don't associate with murderers," that the prosecutor stated, "On what basis? I think that was a proper answer and called for by the question." The prosecutor's comment was clearly improper and could only serve to magnify the harmfulness of the comment by the witness.

For the error heretofore discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.