**Jacquline M. McNEIL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–81–324CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Robert Scardino, Houston, for appellant.

James Brough, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was convicted after a trial by jury of the offense of robbery. A presentence investigation was conducted, after which a hearing was held and appellant's motion for new trial was denied. The court also denied appellant's motion for probation and assessed punishment at five (5) years confinement in the Texas Department of Corrections. Appellant gave timely notice of appeal and raises four grounds of error.

We find no error in the judgment below and we affirm.

Initially, appellant contends the state withheld favorable evidence which was inconsistent with the prosecution's key witness' testimony on several facets of the identification issue. Appellant partially relied on an alibi defense at trial; she asserted she was with her husband on the night of the robbery. The "evidence" withheld was a police offense report which contained a statement by the state's complaining witness that conflicted with his in-court testimony. This report revealed a contradictory statement concerning a post-robbery encounter with appellant and a conflict as to the date of the offense. The police report, however, was not introduced into evidence at trial but was used by the state as part of its presentence investigation report during the hearing on the motion for new trial. Appellant therefore maintains that the State withheld materials of critical importance to her case in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny.

Under normal circumstances, police offense and investigatory reports are considered the work product of the police and exempt from pre-trial discovery. *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978). This rule does not apply, however, to evidence in the possession of the State which may exonerate the accused or be of material importance to the defense. *Crutcher v. State,* 481 S.W.2d 113 (Tex.Cr.App.1972). This evidence must be disclosed, and a failure to do so may deny an accused a fair trial. *Brady, supra; United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The United States Supreme Court and the Texas Court of Criminal Appeals have written extensively on the expansions and limitations of the *Brady* rule. Without becoming repetitive of the developments in this area, we feel certain exceptions to appellant's *Brady* assertions apply under the facts of this case. In its most thorough analysis of *Brady,* the Supreme Court wrote

that while a state may not suppress "substantial material evidence," a prosecutor is under no constitutional duty to make "a complete and detailed accounting to the defense of all police investigatory work on a case." *United States v. Agurs,* 426 U.S. at 109, 96 S.Ct. at 2400; *Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972). A standard of "materiality" of the evidence is to be used in determining whether a state's withholding a police report necessitates a mistrial. "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Agurs,* 426 U.S. at 109–110, 96 S.Ct. at 2400.

The proper standard of materiality must reflect our overriding concern with the justice of the finding of guilt. Such a finding is permissible only if supported by evidence establishing guilt beyond a reasonable doubt. It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial.

*Id.* at 112–113, 96 S.Ct. at 2401–2402.

■ In the case at bar, Troy Burnett was the complaining witness and the key identification witness for the state. The offense report in question revealed Burnett's earlier uncertainty as to the date of the offense and a later identification of appellant. The date of the offense, however, was well established at trial by other evidence. It was unnecessary for the state to show Burnett's initial confusion whether February 22, 1980 was a Thursday or Friday. As to the identification issue, Burnett's court testimony was conclusive and corroborated by two other witnesses. Finally, the report (which was never introduced into evidence) was prepared by a officer who did not testify and, in light of the patent errors in the report, knew little if anything about the case. While the credibility of Burnett as a witness was an important issue in the case and a normally inconsistent statement would be of material importance, the trial court correctly determined the unreliable and mistaken information in the report would have had no effect on the jury's verdict. The report did not raise a reasonable doubt of appellant's guilt, so the trial court was correct in denying the motion for new trial. *Agurs, supra.* This ground of error is overruled.

■ In her second ground of error appellant asserts the trial court erred in failing to excuse a venireman who was biased against appellant's case because of her knowledge of and regard for the complaining witness. Appellant asserts this venireman was biased to the point she could not be rehabilitated and should therefore have been excused for cause. Instead, appellant was forced to use one of her peremptory strikes on the venireperson and another undesirable juror was seated.

The record, however, fails to reveal a request by appellant for an additional peremptory challenge to be used on the objectionable venireman. Without such a request, appellant's claimed error was not preserved for review. *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979). *Adami v. State,* 524 S.W.2d 693 (Tex.Cr.App.1975). Appellant submits this step was unnecessary because it is obvious such a request would have been denied since the court had just refused her challenge for cause. But appellant's argument, if accepted, would eliminate the requirement of preserving error in these situations. Without a request, trial judge has not been informed before the exercise of peremptory strikes that a party is forced to take an objectionable juror and the court has not been given the opportunity to correct possible error. *Carpenter v. Wyatt Const. Co.,* 501 S.W.2d 748 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). The Court of Criminal Appeals has made it clear the request for an additional challenge must be made to preserve error. *Peters, supra; Adami, supra.* This ground of error is overruled.

Though her third ground of error appellant complains of prosecutional misconduct when the State improperly elicited testimony concerning appellant's previous probation. Prior to the State's introduction of evidence the court granted appellant's motion in limine prohibiting any references to appellant's previous probated sentence. During the case-in-chief the prosecutor called the investigating officer who had initially approached appellant prior to her arrest. The following questioning then transpired:

Q. (By Ms. Akins) What did you say when you went to the apartment to Ms. McNeil?

A. I asked Jackie McNeil to come in for a voluntary lineup, and she told me, she asked me—

THE COURT: No. That's what he is objecting to.

THE WITNESS: Okay. I also advised her that, according to my information, that she was on three years pro—

MR WILSON: Your Honor, we are going to object to this voluntary gratuitous statement. We ask the jury be excused.

MS. AKINS: Judge, I withdraw it.

MR. WILSON: We will have a motion, Your Honor.

THE COURT: Retire the jury.

Appellant's counsel's objection was sustained and the court ordered the prosecution to not elicit such testimony from its witnesses. The court denied the motion for mistrial. Appellant's counsel requested that an instruction to disregard not be given the jury so further attention would not be drawn to the probation.

■ As a general rule, an improperly asked question can be cured or rendered harmless by either a withdrawal of the question or testimony, or by an instruction to disregard. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1978); *Cavender v. State,* 547 S.W.2d 601 (Tex.Cr.App.1977); *White v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969). The exception to this general rule is that an error is not curable when it appears the question is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Carrillo, supra; Cavender, supra.* After reviewing the record, we do not believe the question presented by the prosecutor could not have been cured. The court sustained appellant's objection and would have instructed the jury but for appellant's request. Therefore, the court was not given the opportunity to cure the error. In addition, the answer of the witness was in reply to the court's statement and not necessarily responsive to the prosecutor's question. Since error in non-responsive answers is cured by an instruction to disregard, *American Plant Food Corp. v. State,* 587 S.W.2d 679 (Tex.Cr.App.1979), we do not believe the court erred in denying appellant's motion for mistrial. This ground of error is overruled.

Finally, appellant asserts reversible error exists as a result of prosecution argument which was outside the record and in violation of a motion in limine. Prior to trial, appellant's counsel obtained a motion in limine to prohibit a reference during the proceedings to appellant's pregnancy. The record reveals appellant was four to five months pregnant at the time of the guilt/innocence phase of trial. During her closing arguments, the prosecutor stated:

I submit that is a sympathy tactic, just as Ms. McNeil's alleged maternity clothes she wears around this courtroom is a sympathy tactic. She wasn't pregnant when she robbed this Burger Mart. That is something to sway you 12 people to let her go free.

Appellant made no objection to this remark or any request for an instruction to disregard. Appellant argues on appeal the remark was made in such bad faith and was so improper that this error should be exempted from the typical requirements for preservation of error.

■ Normally, to preserve error, an objection must be made to the improper question to provide the court the opportunity to correct the error and to preserve the error for appeal. The failure to object and

request an instruction to disregard will waive all error unless the argument is manifestly improper, harmful and prejudicial. *Parr v. State,* 606 S.W.2d 928, 931 (Tex.Cr. App.1980). A jury argument must be either manifestly improper or inject new and harmful facts to be otherwise reversible. *Simpkins v. State,* 590 S.W.2d 129, 137 (Tex. Cr.App.1979). In determining whether a particular argument is manifestly improper, harmful and prejudicial, appellate courts are to consider the remarks in light of the record as a whole and in relation to the probable effect on the minds of the jurors. *Williams v. State,* 607 S.W.2d 577 (Tex.Cr. App.1980); *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Simpkins, supra.* Therefore, after reviewing the record as a whole, we do not believe the probable effect of the remark on the minds of the jurors was so inflammatory that appellant should be exempted from the requirements of preservation of error. While we do not approve of or condone the actions of the prosecutor in breaking the motion in limine, the failure to object and request an instruction to disregard waived the error. *Parr, supra.* Appellant's fourth ground of error is overruled.

Judgment affirmed.