**Daniel Hernandez LOPEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**Ruben Hernandez PEREZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 13–81–086–CR, 13–81–089–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 24, 1982.

Rehearing Denied Aug. 26, 1982.

Discretionary Review Refused
Nov. 3, 1982.

Mark Stevens, Levey & Goldstein, San Antonio, Joe E. Chapa, Jr., Yzaguirre, Chapa & Trevino, J. Roberto Rodriguez, McAllen, for appellants.

Robert J. Salinas, Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

OPINION

NYE, Chief Justice.

In a joint trial, appellants were convicted of attempted murder. Punishment was assessed at eight years' confinement for each defendant. Appellants do not challenge the sufficiency of the evidence. In their sole ground of error, appellants allege error in the failure of the trial court to grant their timely motion for a mistrial after the prosecution allegedly argued outside the record.

Appellants' convictions arose from their involvement in the May 13, 1979 stabbing of Luis Martinez in Edcouch, Hidalgo County. Martinez underwent surgery for two serious abdominal wounds and was apparently recovering satisfactorily when he suffered a cardiac arrest and, on May 20, 1979, died suddenly. The cause of death was later discovered to be a pulmonary embolism, or blood clot blocking the artery which carries venous blood from the heart to the lungs.

No positive connection could be made between the stabbing and the embolism. Therefore, the appellants were indicted only for aggravated assault and attempted murder.

The trial court allowed the State to discuss and offer evidence of Martinez' death and the cause thereof only for the purpose of explaining why he was not present to testify. A limiting instruction on the use of all testimony regarding Martinez' death was included in the jury charge.

The jury argument which precipitated appellants' motion for mistrial and ground of error in this appeal, occurred at the punishment phase of the trial. In apparent response to defense testimony that defendant Lopez was a family man with many children dependent upon him for support, the prosecutor stated:

> The children and the family and the mother they all came here but why are we here? Are we here to protect the family of these people? Or are we here to protect society from these people? I submit to you that we are here to protect society from these individuals, to keep these individuals from hurting other individuals. We are not here to see what their children need, nor to see that their wives have husbands in bed with them at night. Mr. Daniel Lopez was from here, visiting his mother. Was he there with his mother at her bedside? Was he there with his father to help him? No, he was over Cuates Place stabbing Luis Martinez *to death.* Those are the facts that you

have to consider and in this particular case, we are asking for penetentiary. Yes, we are asking for the maximum because we feel that probation is not an adequate remedy in this particular case. Let's talk about probation. Mrs. Champion came and— (Emphasis added.) [1]

At that point, counsel for defendant Lopez voiced his objection to the comment that Lopez had stabbed the victim "to death." The trial judge sustained the objection and issued an instruction for the jury to disregard the prosecutor's statement. Defense counsel then moved for a mistrial, which the trial court denied.

■ Generally, an instruction such as the one given by the trial court in this case is sufficient to cure prosecutorial misconduct. *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr. App.1979); *Jones v. State,* 568 S.W.2d 847 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 353 (1978); *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr. App.1977).

■ Appellants argue that this case falls within the recognized exception to that general rule. See *Cavender v. State,* 547 S.W.2d 601 (Tex.Cr.App.1977). *Cavender* sets out a two-pronged test for determining when a sustained objection and instructions to disregard are insufficient to cure or render harmless an error by the prosecutor. In a case such as this one, the remark must appear to be 1) clearly calculated to inflame the minds of the jury and 2) of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Id.* at 603.

■ Appellants contend that the first requirement of *Cavender* is met because the matter of Martinez' death was the subject of repeated discussions and rulings throughout the trial. Therefore, allege appellants, the State's counsel must have consciously determined to disregard those rulings to prejudice the jury with the improper remark.

---

1. Although, the argument was directed only at Lopez, Perez was allowed to join in the motion for mistrial. We will assume Perez had a valid objection to the remark because the trial court charged the jury on the law of parties.

The fact alone is not enough to infer bad faith on the part of the prosecutor. From its context in the argument, the comment appears to be an isolated mistake which was dealt with promptly by the trial judge. This is distinguishable from the conscious preparation and proposition of improper questions, or repeated infractions which evidence an intent to inflame the jury. See *Cavender, supra;* and *Lucas v. State,* 378 S.W.2d 340 (Tex.Cr.App.1964) (questions); *Ruth v. State,* 522 S.W.2d 517 (Tex.Cr.App. 1975); *Boyde v. State,* 513 S.W.2d 588 (Tex. Cr.App.1974); *Stein v. State,* 492 S.W.2d 548 (Tex.Cr.App.1973); and *Harrison v. State,* 491 S.W.2d 920 (Tex.Cr.App.1973) (repeated misconduct). Appellant cites several examples of reversals based on single, isolated improper prosecutorial remarks. In all those cases, defense objections were overruled, and the remarks were permitted to stand unrebuked. See *e.g. Escobedo v. State,* 620 S.W.2d 590 (Tex.Cr.App.1981); *Irving v. State,* 573 S.W.2d 5 (Tex.Cr.App. 1978); *Klueppel v. State,* 505 S.W.2d 572 (Tex.Cr.App.1974).

Even assuming arguendo that the first prong of *Cavender* is satisfied, appellants have also failed to show that the remark was such that the impression it made on the jury could not be withdrawn. None of the cases relied on by appellants to show the impossibility of curing by instruction are applicable. Two of the cases do not involve an attempt to cure. See *Dexter v. State,* 544 S.W.2d 426 (Tex.Cr.App.1976) and *Reynolds v. State,* 505 S.W.2d 265 (Tex.Cr. App.1974). In four of the cases, the prosecutor continued the improper actions after the curing instruction was given. See *McClure v. State,* 544 S.W.2d 390 (Tex.Cr. App.1976); *Cook v. State,* 540 S.W.2d 708 (Tex.Cr.App.1976); *Boyde v. State, supra;*

and *Bray v. State,* 478 S.W.2d 89 (Tex.Cr. App.1972). In the two remaining cases, the prosecutors injected harmful new evidence by mentioning or alluding to prior criminal records at the guilt or innocence phases of the trials, in direct violation of motions in limine. See *Joyner v. State,* 436 S.W.2d 141 (Tex.Cr.App.1968) and *Lucas v. State, supra.*

In the case at bar, the jury had heard expert testimony regarding the lack of connection between the acts of appellants and the death of Martinez. In the light of that testimony and the fact that the jurors knew the victim was dead and the fact that the jurors had already found the appellants guilty of *attempted* murder, the jurors were capable of disregarding the suggestion of any such connection.[2]

The range of penalties for attempted murder is confinement for not less than 2 nor more than 20 years, with a fine possible not to exceed $10,000. Tex.Penal Code Ann. §§ 15.01(d), 19.02(b), 12.33 (Vernon 1974 and Vernon Supp.1981). Attempted murder is a serious offense. The fact that the jury assessed appellants' punishment at eight years and rejected their pleas for probation does not in itself show harm resulting from the objectionable remark.

Appellants' ground of error is overruled. The judgment of the trial court is AF-FIRMED.

**2.** The trial judge gave an excellent admonition to the jury. He said:

"And let me at this time instruct the jury to disregard that comment of the prosecutor. I specifically gave instructions before at the other stage of the trial that the death of Luis Martinez, that the testimony relating to the death of Luis Martinez had been introduced for the purpose of showing you why he was not in court to testify.

Further, that the cause of death had been introduced by the State for the limited purpose only [sic] showing what he died of but you are not to make any inference at all about any of the injuries he [sic] received by Luis Martinez had caused his death and you will pay close attention to that instruction that I have given you before. Do not forget it."