**Danny L. FICKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00049–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 14, 1988.

Discretionary Review Refused
March 22, 1989.

David R. Weiner, San Antonio, for appellant.

Fred G. Rodriguez, Susan Scolaro, Sam Ponder, Barbara Hervey, Criminal Dist. Attys., San Antonio, for appellee.

## OPINION

Before ESQUIVEL, CANTU and DIAL *, JJ.

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in an aggravated sexual assault case (habitual). A jury found appellant guilty as charged in the indictment. The trial court found the second enhancement allegation in the indictment to be "true" and assessed appellant's punishment at forty (40) years' confinement. Appellant's motion for new trial was overruled by the court resulting in this appeal. We affirm.

Appellant does not challenge the sufficiency of the evidence to sustain the conviction.

In his sole point of error appellant contends that the trial court reversibly erred in denying his motion for mistrial.

In order to establish the context in which appellant's complaint arose we hereinafter set out a brief summary of the evidence.

The complainant testified that on the night in question, instead of taking her home after a date, appellant drove her in his relatively new blue and silver GMC minivan to a secluded wooded area and sexually assaulted her at gun point in the back of the van. She further testified that after the assault she jumped out of the van and appellant drove off and that she wrote down the license number of the van and walked to a house in the vicinity where she received assistance. When the police arrived she provided the police with a narrative detailing the description of the assault and gave them the license number of the van. Appellant was arrested while driving the van. Appellant's defense was alibi, supported by two witnesses who testified that on the evening in question appellant was not with the complainant at or about the time that the assault upon the complainant occurred.

In support of his contention that the court erred in overruling his motion for mistrial appellant alleges that the following testimony of Officer Raymond Phillips, while testifying for the State as to the circumstances surrounding appellant's arrest, impermissibly showed appellant's involvement in an extraneous offense:

Q. (By prosecutor) How was it that you came to arrest the defendant (appellant)?

A. I was notified by some auto theft detectives, on Mother's Day that they had put down a stolen vehicle at the Farmer's Daughter on W.W. White, and requested if I would assist them in the recovery or possible apprehension with this vehicle.

At this point appellant objected and, after a conference out of the presence jury, the court instructed the jury to disregard the testimony. Appellant then moved for a mistrial, and his motion was overruled by the court.

Appellant argues that the trial court's instructions to the jury to disregard was not sufficient to render Officer Phillip's testimony harmless. In this regard appellant points out that the testimony of Officer Phillips made reference to the fact that appellant was driving a stolen vehicle. Appellant further points out that he vigorously contested the complaining witness's account of the events of the night in question by presenting the two alibi witnesses who

* Preston H. Dial, Jr., Associate Justice, not participating.

**336**

testified that appellant was not with the complainant at the time and place of the rape and that the introduction of appellant's involvement in a totally unrelated extraneous offense could only serve to inflame the minds of the jury and prejudiced appellant's right to a fair trial. Accordingly, appellant further argues, the error of admission could not be cured by the instruction to disregard.

■ In our opinion the objected to testimony assumed nothing and the trial court's instruction to disregard was superfluous and unnecessary. However, assuming arguendo that it was error, the error was cured by the court's instruction to disregard. As a general rule any error in admitting improper testimony may be cured by the trial court's withdrawal of the evidence and an instruction to the jury to disregard. *Cavender v. State*, 547 S.W.2d 601 (Tex.Crim.App.1977). But in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds the error is not cured by the instructions. *Cavender, supra.*

■ We conclude that the instant case does not fall within the "extreme case" exception established in *Cavender.* We hold the error, if any, was cured by the instruction to disregard. The record reflects that prior to Officer Phillip's testimony another witness for the State, Officer Laura Alfred Hernandez, an investigator for the sex crimes unit of the Homicide Division, testified, without objection, that complainant described the vehicle in which the assault occurred in as a van, blue with gray and also provided her with the license number of the van. Officer Laura Alfred Hernandez further testified, without objection, that she found out that "the auto theft was investigating ... that particular vehicle." Where other evidence at trial is admitted without objection and it proves the same fact that inadmissible evidence sought to prove, the inadmissible evidence can be rendered harmless. *Anderson v. State*, 717 S.W.2d 622 (Tex.Crim.App.1986);

*East v. State*, 702 S.W.2d 606 (Tex.Crim. App.), *cert. denied*, 474 U.S. 1000, 106 S.Ct. 418, 88 L.Ed.2d 368 (1985). Accordingly the testimony of Officer Phillips was rendered harmless. The point of error is overruled.

The judgment is affirmed.