**Phillip Eugene SHEPHERD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–88–00163–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1989.

Gene Jones, Houston, for appellant.

John B. Holmes, Calvin Hartmann, Greg Serres, Robb Shepherd, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

O'CONNOR, Justice.

The jury convicted appellant of theft, found the enhancement paragraph true, and assessed punishment at 270 days confinement and a fine of $500. In his only point, appellant claims the trial court erred when it permitted the State to introduce details about his prior convictions.

At the punishment stage, the State introduced evidence of appellant's five prior convictions. *See* Tex.Code Crim.P.Ann. art. 37.07, sec. 3(a) (Vernon Supp.1989). Appellant took the stand and admitted he had pled guilty to offenses of cruelty to animals, forgery, and possession of marijuana. Appellant also admitted he had been addicted to drugs for over 20 years and blamed his earlier offenses on the drug addiction.

Appellant said he pled guilty to his earlier offenses because he was guilty. He claimed he pled not guilty to this offense because he was not guilty.

On cross-examination, the prosecutor questioned appellant about each of these offenses and others. In the nine pages of cross-examination, appellant's trial counsel objected only one time. The only objection he made was that the prosecutor was "starting to badger the witness." The court sustained the objection.

■ Article 37.07 permits the State to introduce evidence of appellant's prior convictions. The State may not introduce details of the offenses *over objection.* Tex. Code Crim.P.Ann. art. 37.07, sec. 3(a); *Johnson v. State,* 650 S.W.2d 784, 792 (Tex. Crim.App.1983); *Lege v. State,* 501 S.W.2d 880, 882 (Tex.Crim.App.1973).

Tex.R.Crim.Evid. 103 provides:

Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, *and* ... a timely objection or motion to strike appears in the record, stating the specific ground of objection, if the specific ground was not apparent from the context. [Emphasis added.]

To preserve this error, appellant should have objected. *See Cisneros v. State,* 692 S.W.2d 78, 82–83 (Tex.Crim.App.1985).

■ Appellant claims an objection was not necessary. He contends the prosecutor's questions were "clearly calculated to inflame the minds of the jury and [were] of such character as to suggest the impossibility of withdrawing the impression produced on [the jurors'] minds." Appellant cites *Cavender v. State,* 547 S.W.2d 601 (Tex. Crim.App.1977), as requiring us to reverse. In *Cavender,* however, the Court of Criminal Appeals admitted it "rarely reversed a conviction of crime solely because an improper question was propounded to the defendant as a witness." 547 S.W.2d at 603. The prosecutor's questions in this case do not compel reversal.

In *Cavender,* the prosecutor asked the defendant about raping and stabbing his

aunt. Here, the prosecutor asked appellant about his drug-related convictions. The questions in this case are not nearly so prejudicial as the ones asked in *Cavender*. We conclude appellant waived error when he did not object.

We overrule appellant's point of error and affirm the judgment of the trial court.