Affirmed and Memorandum Opinion filed May 25, 2006









Affirmed and Memorandum Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00203-CR

_______________

 

JUAN PABLO CERVANTES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 39,450

                                                                                                                                               


 

M
E M O R A N D U M   O P I N I O N

Juan
Pablo Cervantes appeals a conviction for four counts of aggravated assault with
a deadly weapon[1]
on the grounds that: (1) the evidence is 
legally and factually insufficient to support his conviction; (2) he was
denied effective assistance of counsel; and (3) the State committed
prosecutorial misconduct.  We affirm.








Appellant=s first and second issues contend
that the evidence is legally and factually insufficient to support his
conviction because there was no evidence that he: (1) hit complainants Daniel
Abernathy and Jesus Gonzales with a handgun, as charged in counts I and IV of
the indictment; or (2) threatened complainants Vincent Gonzalez and Donald
Abernathy by exhibiting a deadly weapon, as charged in counts II and III of the
indictment.  Because appellant=s contentions are the same for both
his legal and factual sufficiency challenges, we address them together. 

In
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Prible v. State, 175 S.W.3d 724,
729-30 (Tex. Crim. App. 2005), cert. denied, 126 S.Ct. 481 (2005).   In reviewing factual sufficiency, we view
the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, while adequate if
taken alone, is greatly outweighed by contrary proof.  Id. at 730-31.

            In
this case, the jury was authorized to convict appellant of aggravated assault
if it found that he used or exhibited a deadly weapon during the commission of
an assault, either as a party or principal. 
See Tex. Penal Code Ann. '' 7.01(a); 7.02(a)(2) (Vernon 2003);
22.01; 22.02(a)(2) (Vernon Supp. 2005). 
A defendant may be charged as a party to an offense and held criminally
responsible for the conduct of another when that individual acts in concert
with another person in committing an offense. 
Id. '' 7.01(a), 7.02(a)(2); Powell v. State, ___ S.W.3d ___,
___, 2006 WL 931606, at *2 (Tex. Crim. App. 2006).  Because appellant=s brief challenges the sufficiency of
the evidence to prove only his involvement as the principal actor in the
assaults and not that as a party to the offenses, his first two issues provide
no basis for reversal and are overruled.








Appellant=s third, fourth, fifth, and sixth
issues argue he was denied effective assistance of counsel because his trial
counsel failed to: (1) request a limiting instruction in the jury charge; (2)
prove his eligibility for community supervision; (3) object to alleged
prosecutorial misconduct; and (4) request that an official record be made of
the voir dire proceedings.

To
prevail on an ineffective assistance claim, an appellant must show that his
defense attorney=s performance fell below an objective standard of
reasonableness and there is a reasonable probability that, but for the error,
the result of the proceeding would have been different.  Yarborough v. Gentry, 540 U.S. 1, 5
(2003); Wiggins v. Smith, 539 U.S. 510, 521, 534 (2003); Ex parte
Chandler, 182 S.W.3d 350, 353-54 (Tex. Crim. App. 2005).  In this case, appellant=s brief makes no attempt to show or
explain how there is a reasonable probability that, but for counsel=s allegedly deficient actions or
omissions, the result of the proceeding would have been different.  Therefore, his third through sixth issues
fail to establish that he was denied effective assistance of counsel and are
overruled.

Appellant=s seventh issue complains that the
State committed prosecutorial misconduct in the following exchange by
deliberately cross-examining a defense witness regarding appellant=s prior extraneous offenses without
appellant having opened the door to such evidence:

Q:        You know about his background about why he would need money,
wouldn=t you?

A:        Yes, sir.

Q:        Tell the jury why he would need money in December.

A:        I guess like normal people, you need money to eat, to live, so
B and we were having vehicle problems.

Q:        Did he have any legal fees, fines, so forth, to pay?

A:        He was on probation.  He
had a $40 month probation fee.

Q:        He also had a DWI a couple months before that.[[2]]

Defense:         Objection.  Your Honor.

The Court:      Yes, sir.








Defense:         I object, Your Honor.  This is B he is
eliciting evidence about past crimes, criminal charges, that is not B that has not been finalized yet.

The Court:      Approach the bench.  I couldn=t
understand the objection.

(Brief discussion held off the record before the
bench.)

The Court:      I=ll
sustain the objection.

To
preserve a complaint on jury argument for appellate review, a defendant must
pursue his objection, if sustained, to an adverse ruling, such as on a request
for limiting instruction or mistrial.[3]  Because appellant failed to do so in this
case, his seventh issue presents nothing for our review.  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed May 25, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           A jury
found appellant guilty and assessed punishment at 18 years= confinement for two counts and 10 years= confinement for the other two, all to run
concurrently.





[2]           Although
the record reflects this statement as a question by the State, it appears
likely to have been a continuation of the previous answer by the witness. 





[3]           See,
e.g., Montanez v. State, ___ S.W.3d ___, ___ (Tex. Crim. App. 2006); McFarland
v. State, 989 S.W.2d 749, 751 (Tex. Crim. App. 1999).  Although appellant contends that Aobviously harmful@
argument by the prosecution requires reversal, each of the cases he cites in
support of this contention involves a complaint that was preserved by an
adverse ruling.  See Wilson v. State,
938 S.W.2d 57, 58-59 (Tex. Crim. App. 1996); Carter v. State, 614 S.W.2d
821, 822-23 (Tex. Crim. App. 1981); Cavender v. State, 547 S.W.2d 601,
603 (Tex. Crim. App. 1977).