**Affirmed and Opinion Filed March 4, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-01013-CR

**CALEB DONYE BURNS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-83846-2023**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Partida-Kipness

Appellant Caleb Donye Burns was arrested and charged by indictment for the first-degree felony offense of burglary of a habitation with intent to commit murder. TEX. PENAL CODE § 30.02(d). After bond was set at $500,000, appellant filed an application for a writ of habeas corpus requesting to be released on a personal recognizance bond pursuant to Texas Code of Criminal Procedure article 17.032. TEX. CODE CRIM. PROC. art. 17.032. On the day of the article 17.032 hearing, appellant amended his writ application to include his request for a bond reduction. After conducting a hearing, the trial court denied relief. On appeal, appellant asserts

the trial court abused its discretion by denying habeas relief. We affirm the trial court's order denying relief.

## STANDARD OF REVIEW

We review a trial court's ruling on a pretrial application for writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). An abuse of discretion occurs when a trial court acts without reference to any guiding principles or acts in arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's fact findings supported by the record. *Ex parte Wheeler*, 203 S.W.3d at 324.

## HABEAS CORPUS RELIEF

Pretrial habeas relief is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). To be entitled to relief, an applicant or petitioner must establish that he was either "confined" or "restrained" unlawfully. *Ex parte Limberger*, No. 01-21-00532-CR, 2023 WL 2655749, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2023, no pet.) (mem. op., not designated for publication) (first citing TEX. CODE CRIM. PROC. art. 11.01, and then citing *State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)). In general, relief is available only for "jurisdictional defects and violations of constitutional and fundamental rights." *Ex parte Johnson*, 541 S.W.3d 827, 829 (Tex. Crim. App.

2017) (quoting *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014)). The purpose of an application for pretrial habeas relief is to remove an illegal restraint on the applicant's liberty. *See* TEX. CODE CRIM. PROC. art. 11.01. Thus, pretrial habeas relief is appropriate only when resolution of the question presented, if resolved in the petitioner's favor, results in the petitioner's immediate release. *See Ex parte Hammons*, 631 S.W.3d 715, 716 (Tex. Crim. App. 2021) (holding a pretrial application for writ of habeas corpus is appropriate only when granting relief would result in the applicant's release).

## BACKGROUND

The trial court held a hearing on appellant's writ. Although appellant amended his application to include a request for a reduction of his bond, the testimony at the hearing addressed only his request for a personal recognizance bond. Appellant's mother, appellant's sole witness, testified she hired a psychologist to provide an updated mental health assessment for appellant. The psychologist reported appellant suffers from major depressive disorder with mood-congruent psychotic features. The psychologist recommended appellant receive treatment from a psychiatrist and participate in an intensive outpatient program. Appellant's mother explained appellant had the family's support, and the family had the financial resources for appellant to be enrolled in a treatment program and remain supervised at home. The State objected to appellant's release on a personal recognizance bond based on the seriousness of the offense. The trial court denied the requested relief stating, "I don't

–3–

think this is the best type of case to have on one of our bonds, because it requires more of an intensive supervision."

## ANALYSIS

In this proceeding, appellant contends the trial court abused its discretion by denying his request for a personal bond and denying his request for a bond reduction. We will address each issue in turn.

## I.   Denial of Article 17.032 Personal Bond

Article 17.032(b) of the Texas Code of Criminal Procedure provides for a personal bond when five prerequisites are met, stating:

> [A] magistrate shall release a defendant on personal bond unless good cause is shown otherwise if:
>
> > (1) the defendant is not charged with and has not been previously convicted of a violent offense;
> >
> > (2) the defendant is examined by the service provider that contracts with the jail to provide mental health or intellectual and developmental disability services, the local mental health authority, the local intellectual and developmental disability authority, or another qualified mental health or intellectual and developmental disability expert under Article 16.22;
> >
> > (3) the applicable expert, in a written report submitted to the magistrate under Article 16.22:
> >
> > > (A) concludes that the defendant has a mental illness or is a person with an intellectual disability and is nonetheless competent to stand trial; and
> > >
> > > (B) recommends mental health treatment or intellectual and developmental disability services for the defendant, as applicable;

–4–

(4) the magistrate determines, in consultation with the local mental health authority or local intellectual and developmental disability authority, that appropriate community-based mental health or intellectual and developmental disability services for the defendant are available in accordance with Section 534.053 or 534.103, Health and Safety Code, or through another mental health or intellectual and developmental disability services provider; and

(5) the magistrate finds, after considering all the circumstances, a pretrial risk assessment, if applicable, and any other credible information provided by the attorney representing the state or the defendant, that release on personal bond would reasonably ensure the defendant's appearance in court as required and the safety of the community and the victim of the alleged offense.

TEX. CODE CRIM. PROC. art. 17.032(b).

As a prerequisite to the trial court releasing a defendant on a personal bond under article 17.032, the trial court must find "release on personal bond would reasonably ensure the defendant's appearance in court as required and the safety of the community and the victim of the alleged offense." *See id.* art. 17.032(b)(5). Here, the trial court failed to make such a finding. Moreover, the record does not reflect appellant asked the trial court to make that finding. Because the trial court did not find a personal bond would ensure appellant's appearance in court or the safety of the community and the victim of the alleged offense, the prerequisites for a personal bond were not met. *See id.* Accordingly, the trial court did not abuse its discretion by denying relief on this ground. We overrule appellant's first issue.

–5–

## II.     Denial of Bond Reduction

The trial court set appellant's bail at $500,000 for the first-degree felony offense of burglary of a habitation with intent to commit murder. *See* TEX. PENAL CODE § 30.02(d). On appeal, appellant argues the trial court erred in setting his bail at $500,000 and denying his request for habeas relief to reduce the bail amount because (1) a "litany of evidence was presented by Appellant to show why he did not pose a threat to the future safety of the community," and (2) the $500,000 bond amount is oppressive.

At the hearing on appellant's pretrial application for writ of habeas corpus seeking a reduction in bond, however, the only testimony heard by the trial court was from appellant's mother regarding appellant's desire to obtain a personal recognizance bond pursuant to article 17.032. During the hearing, appellant never argued his bond was excessive or oppressive. Nor did he argue his bail should be reduced or his bail was unreasonable. Moreover, appellant admits he never presented any testimony that he did not have the ability to pay his bond. Even on appeal, appellant does not pray for a reduction in his bond; he merely prays for a remand "to the trial court with order to release him on a personal recognizance bond.".

Because appellant never presented his excessive bond argument to the trial court, he failed to preserve this issue for appellate review. *See Neal v. State*, 150 S.W.3d 169, 180 (Tex. Crim. App. 2004). However, even if appellant had preserved

this issue for review, we would still overrule appellant's second issue because the bond amount set is not excessive.

Before conviction, every citizen accused of a criminal offense has a "strong interest in liberty." *United States v. Salerno*, 481 U.S. 739, 750 (1987). Thus, the Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII; *see also Schilb v. Kuebel*, 404 U.S. 357, 365 (1971) (holding Eighth Amendment's prohibition of excessive bail applies to states). The Texas Constitution also guarantees "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident." TEX. CONST. art. I, § 11; *see also id.* art. I, § 13 ("Excessive bail shall not be required . . ."); TEX. CODE CRIM. PROC. art. 1.07 ("Any person shall be eligible for bail unless denial of bail is expressly permitted by the Texas Constitution or by other law.").

A defendant's right to pretrial bail, however, may be subordinated to the greater needs of society. *Salerno*, 481 U.S. at 750–51; *see also Ex parte Beard*, 92 S.W.3d 566, 573 (Tex. App.—Austin 2002, pet. ref'd) (noting "a balance must be struck between the defendant's presumption of innocence and the State's interest"). In balancing the liberty interest of a defendant and the safety interest of society, the Texas Legislature has adopted rules and guidelines for determining when a defendant should obtain pretrial release through the posting of adequate bail. *See* TEX. CODE CRIM. PROC. art. 17.01 ("'Bail' is the security given by the accused that

he will appear and answer before the proper court the accusation brought against him . . ."); *Ex parte Jefferson*, No. 07-20-00123-CR, 2020 WL 4249743, at *2 (Tex. App.—Amarillo July 23, 2020, no pet.) (mem. op., not designated for publication).

The primary purpose of pretrial bail is to secure a defendant's appearance at trial on the offenses for which he is charged. *See* TEX. CODE CRIM. PROC. art. 17.01; *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). In exercising its discretion in setting the dollar amount of bail and any conditions of bail, a trial court must consider the following statutory factors:

1.  Bail shall be sufficiently high to give reasonable assurance that a criminal defendant will appear at trial and comply with other court orders and conditions of the bond;

2.  The power to require bail is not to be used as an instrument of oppression;

3.  The nature of the offenses and the circumstances of their commission must be considered;

4.  The ability to make bail is to be regarded, and proof may be taken on this point; and

5.  The future safety of a victim of the alleged offenses and the community must be considered.

*See* TEX. CODE CRIM. PROC. art. 17.15.

In determining an appropriate amount of bail, the trial court may also consider a defendant's work record, his family and community ties, his residency, his prior criminal record, his conformity with previous bond conditions, and the aggravating factors alleged to have been involved in the charged offenses. *Ex parte Rubac*, 611

S.W.2d 848, 849–50 (Tex. Crim. App. 1981). Appropriate bail is a fact-driven determination, and each case must be judged on its own unique facts. *Ex parte Nimnicht*, 467 S.W.3d 64, 67 (Tex. App.—San Antonio 2015, no pet.). With these principles in mind, we now apply these factors to determine whether the trial court abused its discretion by denying appellant's application to reduce his cumulative bail of $500,000. The burden of proof is on the defendant who claims his bail is excessive. *Rubac*, 611 S.W.2d at 849.

### A. Sufficiency of bail to secure appearance at trial but not oppress

The primary purpose of bail is to secure the presence of the accused at trial on the offenses charged. *Ex parte Rodriguez*, 595 S.W.2d at 550. Bail must be set in an amount high enough to give reasonable assurance that the accused will appear as required. *Ex parte Pace*, No. 03-20-00430-CR, 2021 WL 728168, at *5 (Tex. App.—Austin Feb. 25, 2021, no pet.) (mem. op. not designated for publication) However, it should not be used "as an instrument of oppression" nor "for the express purpose of forcing [an accused] to remain incarcerated pending appeal." *See Ex parte Harris*, 733 S.W.2d 712, 714 (Tex. App.—Austin 1987, no pet.). In other words, bail is oppressive when the record indicates the trial court set the bail amount for the express purpose of forcing a defendant to remain incarcerated pending trial or appeal. *Id.*

We note the bail amount set by the trial court in this case is akin to other cases involving a defendant charged with a first-degree felony offense. *See Ex parte*

*Mitchell,* Nos. 07-20-00298-CR, 07-20-00299-CR, 2021 WL 865343, at *1–6 (Tex. App.—Amarillo Mar. 8, 2021, no pet.) (mem. op., not designated for publication) (trial court did not err in refusing to reduce amounts of defendant's bail which were set at $100,000 for state-jail felony offense and $500,000 for first-degree felony offense); *Ex parte Dupuy*, 498 S.W.3d 220, 232 (Tex. App.—Houston [14th Dist.] 2016, no pet) (holding review of bail set in other cases may be instructive); *Ex parte Piceno*, No. 02-13-00421-CR, 2014 WL 2611191, at *4 (Tex. App.—Fort Worth June 12, 2014, no pet.) ("When reviewing the appropriate bail for a particular offense, appellate courts often compare bail amounts in other cases involving offenses of the same degree."); *see, e.g., Ex parte Stocker*, Nos. 14-20-00467-CR to 14-20-00469-CR, 2020 WL 7711348, at *3 (Tex. App.—Houston [14th Dist.] Dec. 29, 2020, pet. ref'd) (mem. op., not designated for publication) (holding recent opinions from our sister courts support a finding that $500,000 is reasonable bail in a first-degree charged offense); *Ex parte Tata*, 358 S.W.3d 392, 399 n.6 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) ("[T]his Court has previously approved bail amounts ranging from $100,000 to $600,000 for first degree felony offenses . . . ").

Our review of the record does not reveal any comment or suggestion by the trial court indicating it refused to reduce appellant's bail for the express purpose of forcing him to remain in jail pending trial. *See Montalvo v. State*, 315 S.W.3d 588, 596 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (appellate court's independent

review of habeas corpus record "did not suggest that the trial court deliberately set bail at an excessively high level solely to prevent Montalvo from posting bail"); *c.f., e.g., Harris*, 733 S.W.2d at 714 (trial judge stated on the record, "I'd rather see him in jail than to see someone's life taken."). This factor weighs in favor of finding the amount of bail was sufficient to secure appellant's appearance at trial and weighs against a finding the amount of bail was set for the express purpose of preventing appellant from posting bail.

## B. The nature of the offense and the punishment that may be imposed

Another primary factor to be considered in assessing the reasonableness of bail are the nature of the offense and the punishment that may be imposed. *Rubac*, 611 S.W.2d at 849; *see also Ex parte Sells*, No. 02-20-00143-CR, 2020 WL 7639574, at *3 (Tex. App.—Fort Worth Dec. 23, 2020, no pet.) (mem. op., not designated for publication) (noting "bail is not set in a vacuum" and courts "must consider the nature and surrounding circumstances of the charges against" defendant); *Ex parte Nimnicht*, 467 S.W.3d 64, 67 (Tex. App.—San Antonio 2015, no pet.) ("When determining reasonable bail, a trial court shall give the most weight to the nature of the offense and the length of the possible sentence."). The first-degree felony offense of burglary of a habitation with intent to commit murder with which appellant is charged is an offense serious and violent in nature. *See Blankenship v. State*, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989) (op. on reh'g) (holding burglary of a habitation is a serious offense because it increases the chances

–11–

of violent confrontations); *Lopez v. State*, 643 S.W.2d 436, 438 (Tex. App.—Corpus Christi–Edinburg 1982, pet. ref'd) (holding attempted murder is a serious offense). Moreover, a first-degree felony offense has a range of punishment of confinement for life or for any term not less than five years, but no more than ninety-nine years and a fine not to exceed $10,000. *See* Tex. Penal Code ann. § 12.32 ("First Degree Felony Punishment"); *see also O'Brien v. State*, No. 02-12-00176-CR, 2012 WL 2922545, at *5 (Tex. App.—Houston [1st Dist.] July 5, 2012, no pet.) (mem. op., not designated for publication) (holding possibility of substantial sentence supported setting of high bail amount).

The serious and violent nature of the first-degree felony offense of burglary of a habitation with intent to commit murder with which appellant is charged and the potential sentence appellant faces related to the charged-felony offense weigh against a determination that the bail amount set by the trial court was excessive. *See Ex parte Williams*, Nos. 12-18-00174-CR, 12-18-00175-CR, 2018 WL 5961309, at *2 (Tex. App.—Tyler Nov. 14, 2018, no pet.) (mem. op., not designated for publication) ("The more severe punishment ranges to which [defendant] may be subjected weighs in favor of the trial court's decision not to reduce the amount of his bonds.").

### C. Future safety of the community

The trial court must also consider the future safety of the community in setting appellant's bail amount. *See* Tex. Code Crim. Proc. art. 17.15(5). Appellant argues

he presented a "litany of evidence" to show why he did not pose a threat to the future safety of the community. Appellant points to his mother's testimony that she planned to enroll him in an intensive outpatient program and her testimony he would be supervised by his relatives "day and night." However, we note a grand jury found sufficient evidence to charge appellant with the offense of burglary of a habitation with intent to commit murder. Considering the seriousness and violence of the charged offense, the trial court could have concluded appellant posed a threat to the community and especially the surviving victim of the attempted murder. *See Ex parte Muñoz*, Nos. 05–99–00662–CR & 05–99–00666–CR, 1999 WL 391615 at *1 (Tex. App.—Dallas June 16, 1999, no pet.); *Ex parte Chavfull*, 945 S.W.2d 183, 186-87 (Tex. App.—San Antonio 1997, no pet.). This factor weighs against a determination the amount of bail was excessive.

## D.    Ability to make bail

A defendant should ordinarily offer evidence of his available resources and his unsuccessful attempts to post bail in the current amount. *See Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim. App. 1975). "To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Unless he has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful

effort to furnish bail before bail can be determined to be excessive." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, appellant concedes he failed to present any evidence he was unable to pay his bond. And we note appellant's mother did not provide any evidence at the hearing about appellant's specific assets or financial resources, and she did not explain what efforts, if any, were made by appellant to furnish bail in the amount set by the trial court. *See Ex parte Childers*, No. 01-21-00493-CR, 2022 WL 2976545, at *7 (Tex. App.—Houston [1st Dist.] July 28, 2022, no pet.) (mem. op., not designated for publication) ("To demonstrate an inability to make bail, a defendant generally must establish that his and his family's funds have been exhausted. Absent such a showing, a defendant usually must establish that he unsuccessfully attempted to make bail before [the appellate court] can determine that bail is excessive." (internal citations omitted)); *Ex parte Williams*, No. 03-20-00457-CR, 2021 WL 1583882, at *5–6 (Tex. App.—Austin Apr. 23, 2021, no pet.) (mem. op.) (defendant failed to meet his burden of showing amount of bail was excessive where defendant "presented no evidence regarding any unsuccessful attempts to pay bail or establishing that his funds and the funds of his family members ha[d] been exhausted"). Appellant's mother did, however, testify that both she and appellant's father work, and she and her family have the resources to enroll appellant in a treatment program. Additionally, appellant's mother testified she could pay for appellant's transportation to all court appearances and treatment program

appointments. This testimony tends to support an inference that appellant's family could assist him in paying his bail.

Given the absence of specific and detailed evidence concerning appellant's financial circumstances, the trial court could have concluded that appellant failed to demonstrate he was unable to pay his bond and thus, the bail amount set was reasonable. *See Ex parte Castellanos*, 420 S.W.3d at 883.

### E. Other factors

The record reflects appellant has insurance and no criminal history. However, the record is silent on the other factors a trial court may consider when setting a defendant's bail.

Appellant had the burden to show the bail amount set by the trial court was excessive. *See Ex parte Rubac*, 611 S.W.2d at 849. Given the balance of all the relevant factors discussed above, we cannot conclude the trial court erred by setting appellant's bail at $500,000 for the felony offense of burglary of a habitation with intent to commit murder. We hold the trial court did not abuse its discretion in denying appellant's pretrial application for writ of habeas corpus. We overrule appellant's second issue.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's order denying appellant's requested relief.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
231013F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE CALEB DONYE
BURNS

No. 05-23-01013-CR

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-83846-
2023.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 4th day of March 2024.