Robert Charles LADD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00341 CR.

Court of Appeals of Texas, Dallas.

Jan. 14, 1982.

Discretionary Review Refused April 14, 1982.

Mark Holland, Dallas, for appellant.

Ronald Hinds, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a conviction for murder in which the jury assessed appellant's punishment, enhanced by a prior felony conviction, at life imprisonment.

Appellant contends that the trial court committed reversible error in failing to grant appellant's motion for mistrial when a State's witness violated the court's *Jackson v. Denno* ruling by testifying that appellant orally admitted killing the deceased. We agree and accordingly reverse and remand.

The appellant requested, and the trial court held, a *Jackson v. Denno* hearing outside the presence of the jury on the voluntariness of written and oral statements made by appellant to the police. At that hearing the State called two police officers who testified to a series of oral statements and a written statement made by the appellant. Neither officer ever testified that appellant had admitted actually killing the deceased. The trial court ruled a portion of the oral statements as well as the entire written statement to be admissible before the jury.

At trial, one of the officers testified in the presence of the jury at the guilt/innocence stage as follows:

Q. Now, just so the jury will understand procedurally what did take place, Officer Rose, I will ask you when the first moment in time was that you considered this Defendant to be a suspect in this case?

A. I considered him to be a suspect after he had admitted killing the woman.

Appellant's objection was sustained and the jury instructed to disregard. The court denied appellant's motion for mistrial. This was the first mention of any such admission. The State characterizes the officer's answer as an unresponsive remark which was cured by the court's instruction to disregard when considered in combination with other State's evidence. We do not agree.

The accused is entitled to a hearing in the absence of the jury to determine the voluntariness of any confession or statement under both the United States Constitution and Tex.Code Crim.Pro.Ann. art. 38.-22 (Vernon 1978). *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Moore v. State*, 505 S.W.2d 887 (Tex.Cr.App.1974). No such hearing was held on the above mentioned oral confession of appellant that he killed the deceased. The court's failure to conduct a hearing in the absence of the jury and to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made was error. *Moore v. State, supra.*

In the present case the court recognized that error had occurred. The trial court sustained the objection and instructed the jury to disregard. In *Moore, supra*, the objection had been overruled. The question, then, is whether reversible error occurred when the jury heard the officer's testimony even though they were instructed to disregard it. We hold that reversible error did occur.

There is an exception to the general rule that any error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard. The exception to this general rule occurs where it appears that the question or the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Cavender v. State*, 547 S.W.2d 601 (Tex.Cr. App.1977).

*Cavender* was a circumstantial evidence murder case. The record was devoid of any evidence of admission by appellant of the crime. The Court of Criminal Appeals described the prosecutor's cross-examination of the accused complained of by the accused as follows:

Clearly, the prosecutor's questions to appellant about telling his mother that he "stabbed and raped" his aunt and the assertion that his "mother has told your uncle Paul that" and inquiry if that were "the reason that he is—" were improper. The prosecutor's basis for asking same, being bottomed on hearsay several times removed, was far too tenuous to justify the questions. *Id.* at 603.

In *Cavender* the objection was sustained and the jury instructed to disregard. The Court of Criminal Appeals reversed, holding that the prosecutor's question, coupled with a statement made by the prosecutor he had all the evidence in the file, was clearly calculated to inflame the minds of the jury and was so harmful and prejudicial to the accused that the impression produced on the minds of the jury could not be withdrawn by the court's instruction.

The present case is also a circumstantial evidence murder case and the trial court charged on the law of circumstantial evidence. In the present case the record is devoid of any evidence of admission by the appellant of the crime. We hold that the error in the present case is within the exception to the general rule and is so prejudicial and harmful to the appellant as to require reversal of this case.

For the prosecutor and the officer to present to the jury appellant's previously undisclosed oral admission that he killed the deceased is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. This oral confession had the effect of producing direct evidence in what otherwise was a circumstantial evidence case. Direct evidence of appellant's guilt by this confession must have contributed to the conviction.

Moreover, in view of the *Jackson v. Denno* application to this case, we are confronted with the application of the federal—constitutional—error rule. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). There the Supreme Court recognized that "harmless error rules can work very unfair and mischievous results when, for example, highly important and persuasive evidence, or argument, though legally forbidden finds its way into a trial in which the question of guilt or innocence is a close one." *Id.* at 22, 87 S.Ct. at 827. Citing its prior opinion in *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) that "the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction" the Supreme Court in *Chapman* went on to state that it was adhering to the meaning in *Fahy* that before a federal constitutional error can be held harmless, the court (including an appellate court) must be able to declare a belief that it was harmless beyond a reasonable doubt. In the present case we are unable to declare that the error was harmless beyond a reasonable doubt.

■ Appellant also challenges the sufficiency of the evidence. We must consider that contention before disposing of the case. *Swabado v. State*, 597 S.W.2d 361 (Tex.Cr. App.1980).[1] It appears from the record that the evidence is sufficient to sustain the conviction.

Reversed and remanded.

---

1. *See Burks v. United States*, 427 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) where the Supreme Court of the United States held that retrial of a defendant whose conviction has been reversed for insufficiency of the evidence is prohibited as a violation of the double jeopardy clause of the United States Constitution.