**Joseph RIGHI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 182B CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 15, 1984.

See also, Tex.App., 689 S.W.2d 908.

Donald M. Brown, D.O. Van Buren, Conroe, for appellant.

James Keeshan, Dist. Atty., Conroe, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was charged with injury to his natural child, who is younger than fourteen years of age. A jury found him guilty of engaging in conduct that caused disfigurement and deformity by burning her back by placing her under hot water; by omission, engaging in conduct that caused serious physical deficiency and impairment by failing to provide necessary food and medical care; and, by engaging in conduct that caused bodily injury to her by hitting her in the head with a stick. Appellant's first ground of error contends there was insufficient evidence to sustain a finding of guilt. Upon review of the record before us, we find the evidence sufficient to sustain a guilty verdict by the jury. Appellant's first ground of error is overruled.

Appellant's second ground of error argues that no instruction could cure the harm done by improper admission of Appellant's wife's involuntary statement. Appellant did not file a motion for severance and, in effect, elected to be tried together with his wife, Lucille Righi. Appellant has no grounds to challenge the admission of his wife's confession. In any event, the trial court withdrew that confession from evidence and instructed the jury to disregard the confession altogether and not to consider it for any purpose. Appellant's second ground of error is without merit and is overruled.

Appellant's third ground of error is that no instruction by the trial court could cure the harm done by improper admission of Appellant's extra-judicial confession to a fellow jail inmate. We find that the trial judge strictly admonished the jury in his charge to the jury stating in part:

"... You are further instructed to disregard and not to consider for any purpose the testimony of [the fellow jail inmate]."

We believe that the jury could conscientiously and properly follow such an instruction and, therefore, we overrule Appellant's third ground of error.

We find that Appellant's fourth ground of error which complains of the cumulative effect of permitting into evidence Appellant's wife's confession and the testimony of the jail inmate is without merit and is overruled.

In Appellant's fifth, sixth and eighth grounds of error he argues that the court's charge was defective in that the court failed to charge on the lesser included offenses of recklessness and criminal negligence in the conduct of which Appellant was convicted. The paragraphs of the charge of which Appellant complains deal with the allegations that Appellant intentionally or knowingly engaged in conduct that caused disfigurement or deformity to the child and that Appellant intentionally or knowingly by omission, engaged in conduct that caused serious physical deficiency or impairment to the child. In accordance with our holding in the opinion regarding Lucille Righi's similar contentions, we overrule Appellant's fifth, sixth and eighth grounds of error.

Appellant's ground of error seven is without merit and is overruled.

We find that Appellant's grounds of error nine and ten attacking the sufficiency of the evidence are without merit and are overruled.

Finding no reversible error, we affirm the judgment of the trial court. See com-panion opinion of this date on Lucille Righi's appeal.

AFFIRMED.