**Gene Wesley HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–88–257 CR.**

Court of Appeals of Texas,
Beaumont.

June 28, 1989.

Rehearing of Appellant Overruled
July 24, 1989.

Discretionary Review Refused
Nov. 1, 1989.

Tom Brown, Livingston, for appellant.

Don Keith, Livingston, for State.

OPINION

BURGESS, Justice.

A jury convicted appellant of theft. After appellant pled true to enhancement allegations, they assessed punishment at twenty years in the Texas Department of Corrections, and a fine of $10,000.00. Appellant urges two points of error.

Both points of error deal with the following testimony by the then county sheriff:

"Q One other thing. Do you recall telling Jerry Coats and Cindy Wilkinson, you know who they are?

"A Yes.

"Q Telling them not to come out and look at the defendant?

"A Yeah. I think I went in the jewelry store, I don't remember what I went in there for, to ask about the jewelry that he said he throwed down or something, see if they had found something or point something out, or I don't recall, but yeah, I, at that time, I told them not to come out."

The trial judge sustained an objection and instructed the jury to disregard the

question and answer. Appellant's two complaints are that the trial court erred in failing to grant a mistrial when the sheriff testified to an oral admission by appellant without first having a hearing on the admissibility of the statement and in violation of *TEX.CODE CRIM.PROC.ANN. art. 38.-22* (Vernon 1979).

Appellant recognizes the general rule that a proper instruction can cure the admission of improper evidence but argues this case falls within the exception of *Cavender v. State*, 547 S.W.2d 601 (Tex.Crim. App.1977) and *Ladd v. State*, 629 S.W.2d 139 (Tex.App.—Dallas 1982, pet. ref'd). The exception occurs when the evidence is clearly calculated to inflame the minds of the jurors and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. In determining whether a jury instruction is sufficient to cure error, the facts of each particular case must be noted. *Gonzales v. State*, 685 S.W.2d 47 (Tex.Crim.App.1985), *cert. denied*, 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985). Both *Cavender* and *Ladd* were reversed when inadmissible oral confessions were placed before the jury. An important difference, however, is that both of those cases were circumstantial evidence cases. In this case, a jewelry store clerk testified a man came into the store and looked at rings for approximately thirty minutes before he grabbed the rings and ran. The clerk unequivocally identified appellant as that man. A second clerk also positively identified appellant as the thief. A jewelry repairman, who chased and caught the thief briefly, positively identified appellant as the thief. Although appellant's counsel attempted to make an issue of misidentification, this was a direct evidence case. Under the facts of this case, we find the instruction sufficient to cure the error. *See Righi v. State*, 689 S.W.2d 910 (Tex.App.—Beaumont 1984, pet. ref'd). The points of error are overruled and the judgment affirmed.

AFFIRMED.