Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JOSE MANUEL PATINO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00264-CR

Appeal from the

209th District Court

of Harris County, Texas

(TC# 930773)




O P I N I O N

           This is an appeal from a jury conviction for the offense of aggravated robbery--enhanced by the allegation of a prior felony conviction. The jury assessed punishment at life
imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We
affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           In the evening of August 27, 2002, the complainant, Anthony Baker, and his aunt,
Deborah Durham, were at home and both had retired for the night. Appellant and two other
men kicked down the front door the residence. Baker and Durham were beaten repeatedly
while the intruders demanded to know the location of any money and other valuables. 
Appellant then dragged the two to the bathroom and threatened to kill them. Appellant
continued to threaten and beat Baker and Durham. Then Appellant shot Baker in the head
and all three intruders fled from the house. After blacking out, Baker regained consciousness
and the two were able to crawl through a window and obtain help. Baker and Durham
identified Appellant and an individual named Marcus Ray as two of the men involved in the
home invasion.
           Baker stated that he had identified Marcus Ray from a line-up as being one of the men
involved in the robbery. The State called Ray to the stand as a State’s witness. Ray was
dressed in an orange jumpsuit and the prosecutor established that the witness was
incarcerated for the same crime for which Appellant was on trial. A bench conference was
held at Appellant’s request regarding potential problems with the witness’s testimony. The
prosecutor objected to having a hearing and the court inquired if the prosecutor had been
surprised by Ray’s potential testimony. The prosecutor answered that she believed Ray was
going to tell the truth pursuant to a conversation she had with him minutes prior to his being
called to the stand. The court asked if Ray wanted to testify, and he responded negatively. 
The prosecutor stated that she intended to compel his testimony and she had a tape recording
of a prior statement by Ray with which she could impeach him; although she hoped he would
testify truthfully. Over Appellant’s objection, the court stated that it would see how the
testimony went, and the court would conduct a balancing test prior to the use of the
impeachment tape.
           In his testimony before the jury, Ray was asked about the robbery and he insisted on
not incriminating himself or anyone else. The prosecutor asked if he had given a prior
videotaped statement regarding the case, the witness stated that he did not remember being
given legal warnings prior to his being questioned. The prosecutor then asked about the
specific admissions he made in his recorded statement. At a result of Appellant’s objection,
the court held a hearing outside the presence of the jury.
           During the hearing with his counsel present, Ray testified that he was involved in the
robbery, but Appellant was not involved, notwithstanding the fact that Ray had previously
implicated Appellant. When the prosecutor asked Ray about a conversation she had with him
the day before trial, he stated that he never implicated Appellant, despite the prosecutor’s
assertions to the contrary. During cross-examination at the hearing, Ray testified that
Appellant had no involvement in the robbery. Both attorneys chose not to call Ray to the
stand again in the presence of the jury, and neither side mentioned his testimony in closing
arguments or at any other point or during the trial.
II. DISCUSSION
           In Appellant’s sole issue on appeal, he asserts that the questioning of Marcus Ray
concerning Appellant’s involvement in the aggravated robbery was improper questioning
which was calculated to inflame the minds of the jury members. Specifically, Appellant
maintains that the questions were designed to inflame the minds of the jurors and that there
was no good faith basis for the questions.
           Appellant cites Cavender v. State, 547 S.W.2d 601 (Tex. Crim. App. 1977), and Ladd
v. State, 629 S.W.2d 139 (Tex. App.--Dallas 1982, pet. ref’d) in support of his contentions
on appeal. In Cavender, a murder case, the State’s case was heavily dependent upon
circumstantial evidence. The court in Cavender found the harm to the defendant to be
incurable where the prosecutor’s questions to the defendant about his allegedly telling his
mother that he “stabbed and raped” his aunt, followed by the assertion “your mother has told
your uncle Paul that; isn’t that the reason [he is so angry],” were improper since they were
bottomed on hearsay several times removed, and the harmfulness of the questions, clearly
calculated to inflame the minds of the jury, was compounded by the prosecutor’s statement,
in response to an objection by defense counsel, “I have all the real evidence in the file that
Counsel needs, if he wants it.” Cavender, 547 S.W.2d at 603.
           In Ladd, another circumstantial murder case, the court found incurable error occurred
when the prosecutor and a police witness presented testimony before the jury of the
defendant’s previously undisclosed oral admission that he killed the victim, in apparent
violation of the trial court’s pretrial ruling on the statements. Ladd, 629 S.W.2d at 141.
           In both of the above instances, there was either obvious or strongly implied intent on
the part of the State to produce highly prejudicial statements before their respective juries.
We have no such inflammatory circumstances in the instant case. From the record before us
it appears that the prosecutor thought that Marcus Ray would testify in a manner consistent
with what he had indicated in another interview. We see no intent on the part of the
prosecutor to produce highly prejudicial statements before the jury.
           However, even if the court erred in allowing the testimony, we must conduct a harm
analysis. A violation of the evidentiary rules resulting in the erroneous admission of
evidence is non-constitutional error. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998) (applying Rule 44.2(b) harm analysis to the erroneous admission of hearsay
evidence); Couchman v. State, 3 S.W.3d 155, 160 (Tex. App.--Fort Worth 1999, pet. ref’d);
see also Elder v. State, 132 S.W.3d 20, 27 (Tex. App.--Fort Worth 2004, pet. ref’d)
(indicating that the admission of inadmissible hearsay is non-constitutional error).
           Because we determine that the error is not constitutional, Rule 44.2(b) is applicable. 
Therefore, we are to disregard the error unless it affected Appellant’s substantial rights. Tex.
R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and
injurious effect or influence on the jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253,
90 L.Ed. 1557 (1946)); Coggeshall v. State, 961 S.W.2d 639, 643 (Tex. App.--Fort Worth
1998, pet. ref’d). In making this determination, we review the record as a whole. Kotteakos,
328 U.S. at 764-65, 66 S.Ct. at 1248. Where a fact to which evidence relates is sufficiently
proved by other competent and unobjected-to evidence, the admission of the evidence is
properly deemed harmless and does not constitute reversible error. Couchman, 3 S.W.3d at
160-61; see Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).
           In the present case, the State’s case was strong. Two witnesses definitively identified
the Appellant as one of the robbers. Anthony Baker stated, without objection, that he had
identified Marcus Ray as also being one of the individuals involved. Furthermore, after both
sides decided not to recall Marcus Ray to the stand, no further mention was made of him for
the rest of the trial either during the State’s case-in-chief or during argument. Under these
circumstances, we find that the error, if any, was harmless. Appellant’s sole issue on appeal
is overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice

August 31, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)