

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00901-CR

**EX PARTE** Paul Edward **NIMNICHT**

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR9336
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Jason Pulliam, Justice

Delivered and Filed:  April 15, 2015

AFFIRMED

Appellant Paul Edward Nimnicht was charged by indictment with a second offense of assault causing bodily injury to a family member, and his bail was set at $10,000.  Nimnicht filed an application for writ of habeas corpus seeking a reduction of bail, particularly release on a personal bond.[1]  After a hearing, the trial court denied his request for release on a personal bond, but reduced bail to $7,500.  Nimnicht perfected this appeal.

---

[1] Nimnicht requested the trial court grant him a "personal recognizance bond."  Although this is a commonly used term, "personal bond" is the term used in the governing statutes.  *See* TEX. CODE CRIM. PROC. ANN. arts. 17.03 (West Supp. 2014), 17.031 (West 2005), 17.032 (West Supp. 2014), 17.04 (West 2005).

**ANALYSIS**

*Issue*

Nimnicht's sole issue on appeal is whether the trial court abused its discretion in denying his request to reduce bail.

*Standard of Review*

Appellate courts shall review a trial court's determination of the amount of bail under an abuse of discretion standard. *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). Similarly, the decision whether to grant an accused a personal bond is within the discretion of a trial court. *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 17.03(a) (West Supp. 2014). Under this standard of review, appellate courts review the trial court's bail assessment to determine whether the trial court acted without reference to any guiding rules or principles, or otherwise acted in an arbitrary or unreasonable manner. *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd). Only if the trial court's ruling is outside the zone of reasonable disagreement will an appellate court intercede. *See Ex parte Jackson*, 257 S.W.3d 520, 521 (Tex. App.—Texarkana 2008, no pet.). The appellant bears the burden of proof to show the trial court abused its discretion in making its bail determination. *Rubac*, 611 S.W.2d at 849.

*Applicable Law*

The purpose of bail is to secure the defendant's presence in court. TEX. CODE CRIM. PROC. ANN. art. 17.01 (West 2005); *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). To meet this objective, the Texas Code of Criminal Procedure sets forth the rules governing a trial court's bail determination:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CRIM. PROC. CODE ANN. art. 17.15 (West 2005).

To ensure these guiding principles and rules are followed and to provide a framework to determine appropriate bail, courts utilize six factors: (1) the nature of the offense and possible sentence; (2) the defendant's ties to the community; (3) the defendant's ability to make bail; (4) the defendant's prior criminal record; (5) the existence of other bonds against the defendant and his compliance with those bonds; and (6) any aggravating factors involved in the alleged offense. *See Rubac*, 611 S.W.2d at 849-50; *Gonzalez*, 383 S.W.3d at 162. These factors are to be analyzed individually and weighed as a whole to arrive at an appropriate and reasonable bail that will serve to secure the presence of the defendant in court. *See Gonzalez*, 383 S.W.3d at 164. Appropriate bail is a fact-driven determination and each case must be judged on its own unique facts. *Esquivel v. State*, 922 S.W.2d 601, 604 (Tex. App.—San Antonio 1996, no pet.). With these principles in mind, we now apply these six factors to ascertain whether the trial court abused its discretion in setting Nimnicht's bail at $7,500.

### *Application of Factors to Facts*

*1. Nature of the offense and the possible sentence*

When determining reasonable bail, a trial court shall give the most weight to the nature of the offense and the length of possible sentence. *See Rubac*, 611 S.W.2d at 849. It is appropriate

to consider whether the offense alleged to have been committed involved violence in setting the amount of bail. *See Perez v. State*, 897 S.W.2d 893, 898 (Tex. App.—San Antonio 1995, no pet.).

At the bail hearing, the State presented the report of Thomas Patten, the investigating San Antonio police officer. Officer Patten reports the victim's injuries included bruising, scratches, abrasions, and dried blood around her mouth. The victim told Officer Patten that Nimnicht slapped her in the face, punched her, and pushed her around the apartment. Officer Patten's report describes an assault that occurred over time and involved multiple acts of assault that resulted in visible physical injuries to the victim. Therefore, it is without question the alleged offense committed was violent in nature.

A court may also consider the possibility an accused's reaction to a potential lengthy imprisonment might be to not appear for trial, therefore bail must be sufficiently high to secure the accused's presence. *See Ex parte Scott*, 122 S.W.3d 866, 869 (Tex. App.—Fort Worth 2003, no pet.). Based upon the offense and enhancements, Nimnicht faced a sentence range between two and ten years and a fine of up to $10,000. Because Nimnicht faced a significant potential sentence, the trial court could have reasonably concluded a possibility existed that Nimnicht would not appear for trial.

Additionally, Nimnicht concedes the nature of the offense weighs against bail reduction. Considering the violent nature of the offense and the potential range of punishment, this factor weighs in favor of a conclusion the trial court acted reasonably.

2. *Defendant's ties to the community*

A defendant's ties to the community in which he lives can be an assurance he will appear in court for trial. *See Richardson v. State*, 181 S.W.3d 756, 759 (Tex. App.—Waco 2005, no pet.); *Ex parte Clark*, 635 S.W.2d 202, 204 (Tex. App.—San Antonio 1982, no pet.). A court's review

of this factor includes an assessment of the defendant's residence history, family's ties to the community, and work history.  *See Rubac*, 611 S.W.2d at 849.

Nimnicht testified to his community ties at the bail hearing.  He testified he is a life-long resident of San Antonio; though he did not offer evidence of his pattern of residency in San Antonio, such as where he resided, or for how long.  He told the court his mother owns a home in San Antonio, and he would live there if released.  He stated he had been employed consistently since he was sixteen, but was unemployed for a "few months" before the alleged assault.

Though Nimnicht presented some evidence he has ties to the San Antonio community through his mother's residency, based upon his unemployment and lack of other family or community involvement, this factor weighs in favor of a conclusion the trial court could have reasonably concluded Nimnicht's community ties were not a strong assurance of his appearance at trial.

### 3.  *Defendant's ability to make bail*

Nimnicht argues the factor that weighs most heavily in favor of reducing his bail to a personal bond is his financial inability to make the bail assessed.  He does not cite any authority in support of this argument.

The inability of the accused to pay the amount of bail assessed does not render any amount of bail excessive.  *See Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977).  In determining bail, indigence is a circumstance to be considered, but is not controlling.  *Id.*  "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should be."  *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd).

Nimnicht testified he does not have the financial means to pay a cash bond because at the current bail, bond would cost approximately $1,000. Nimnicht testified he was unemployed, had no cash, no bank accounts, and no real property, and his only close relative, his mother, could not contribute money for his bond. Nimnicht testified he held one asset of value, a 1991 Lincoln Continental which he estimated its value at "less than $2,000, maybe $1,300." On cross-examination, Nimnicht admitted he had not yet attempted to sell the vehicle.

Based upon Nimnicht's testimony regarding his financial means and inability to pay, the trial court could have concluded reasonably that Nimnicht had not yet explored all means of raising money for bail, and therefore, may be able to afford bail. The trial court did reduce Nimnicht's bail to $7,500, which effectively would have reduced the cash bond.

Therefore, this factor weighs in favor of a conclusion the court acted reasonably.

*4. Defendant's criminal history*

A defendant's criminal history must be evaluated to determine whether he presents a danger to the community. *See Milner v. State*, 263 S.W.3d 146, 151 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Ex parte Chavfull*, 945 S.W.2d 183, 186-87 (Tex. App.—San Antonio 1997, no pet.). A court should also evaluate a defendant's criminal history to discern whether such would create an inference of flight risk. *See Ex parte Hulin*, 31 S.W.3d 754, 761-62 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The State produced evidence of Nimnicht's criminal history, which included a misdemeanor theft conviction, for which he received deferred adjudication community supervision, and a conviction for the same offense of assault against a family member, for which he was sentenced to a month and a half confinement in the county jail. The conviction for the prior family violence assault occurred less than ten months before the present offense.

Nimnicht concedes this factor is not favorable to bail reduction, but argues his criminal history is largely non-violent and this arrest is for his first felony charge. Additionally, Nimnicht argues the victim does not find him to be a danger to her safety because she visited him four times while he was incarcerated for this assault.

In making its ruling, the trial court remarked disapprovingly of Nimnicht's repetitive conduct, but still reduced his bond. The court expressed a concern for future violence, and in an attempt to protect the victim, imposed as condition of bond that Nimnicht have no contact with the victim, attend an anger management course, and submit to drug and alcohol testing.

The similarity and recent nature of Nimnicht's prior conviction is significant. This history of assaultive conduct indicates Nimnicht presents a danger to the community, particularly this victim, and shows a propensity for recidivism. We do not believe the fact the victim visited Nimnicht compelling enough to outweigh the concern raised by his criminal history. The trial court's concerns of recidivism and protection of the victim were reasonable.

Therefore, this factor weighs in favor of a conclusion the trial court acted reasonably.

5. *Aggravating factors*

The charging indictment alleges Nimnicht has a conviction for a prior charge of assault causing bodily injury to a family member. This prior conviction is an aggravating factor. With the prior conviction alleged, the assault offense is enhanced from a Class A misdemeanor to a third degree felony offense, thereby increasing the range of punishment to two to ten years in prison.

This aggravating factor weighs in favor of the trial court's bail determination.

After considering the facts of the case through the six factors, we apply these factors to the guiding rules outlined in Texas Code of Criminal Procedure art. 17.15 to determine whether the trial court abused its discretion.

### *Application of Factors to Article 17.15 Rules*

*Reasonable assurance of appearance*

The purpose of pretrial bail is to secure the accused's appearance in court for trial. TEX. CODE CRIM. PROC. ANN. art. 17.01; *Vasquez*, 558 S.W.2d at 479. The factors of length of sentence and community ties show that the trial court followed this directive in its finding that $7,500 bail amount provides a reasonable assurance Nimnicht would appear at trial. As discussed, the trial court could reasonably be concerned Nimnicht may not appear in response to a potentially long sentence, and Nimnicht did not present strong evidence of community ties which could assure the court he did not represent a flight risk.

*Bond as an instrument of oppression*

Bail set in a particular amount becomes oppressive when it is based on the assumption that the accused cannot afford bail in that amount and for the express purpose of forcing the accused to remain incarcerated. *Richardson*, 181 S.W.3d at 759 (quotation omitted).

There is no evidence the trial court set bail with the intent to prolong Nimnicht's incarceration, especially in light of the fact the trial court reduced the bail amount. Moreover, the trial court's reduction of the bail in accordance with evidence of what Nimnicht may be able to afford, shows the trial court's bail determination was not an instrument of oppression in adherence with this directive.

*The nature of the offenses and the surrounding circumstances*

The factors of nature of the offense, the defendant's criminal history, and aggravating factors show that the trial court followed this directive, that it reasonably considered the nature of the offense and surrounding circumstances in determining the bail amount. The record establishes Nimnicht committed a violent offense shortly after conviction for the same offense, and that conviction enhanced his range of punishment.

*Defendant's ability to make bail*

As discussed, the trial court accepted evidence regarding Nimnicht's financial condition and reduced bond accordingly. Therefore, the factor of the defendant's ability to make bail shows the trial court followed this directive by considering Nimnicht's financial ability in making its bail determination.

*The safety of the victim and community*

The factors of nature of the offense and the defendant's criminal history show the trial court followed this directive in finding release on a personal bond would jeopardize the future safety of the victim and the community. The offense involved violence, and occurred shortly after Nimnicht was convicted for the same offense. Nimnicht's criminal history shows a propensity for recidivism and violence.

## CONCLUSION

After review of the record and application of the six factors to the guiding principles outlined in the Texas Code of Criminal Procedure, we conclude the trial court acted within these guidelines, and the bail determination was not arbitrary. Nor do we conclude its decision to be outside the zone of reasonable disagreement. Accordingly, we hold the trial court did not abuse its discretion in denying Nimnicht's release on a personal bond or by setting bail at $7,500.

We AFFIRM the trial court's order.

Jason Pulliam, Justice

PUBLISH