

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00143-CR

_____

Ex parte Trevor Royce Sells

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. DC78-CV2020-1864

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Trevor Royce Sells stands charged with six counts of the aggravated sexual assault of his nephew and one count of indecency with a child by exposure. *See* Tex. Penal Code Ann. §§ 21.11(a)(2)(A), 22.021. Initially, a magistrate set bail at $250,000 for each aggravated-sexual-assault charge and $50,000 for the indecency charge: $1,550,000 total. Sells applied for habeas relief seeking a bail reduction; his request was granted and bail was lowered to $930,000. Sells now appeals, arguing that the reduction was not enough and remains oppressive. Because we cannot conclude that the trial court acted outside the zone of reasonable disagreement when we view the evidence in the light most favorable to its ruling, we affirm the trial court's order.

## Background

According to arrest warrant affidavits entered into evidence at the habeas hearing, Sells's seven-year-old nephew made an outcry in August 2019 that Sells had, in the course of one day, sexually abused him multiple times. The affidavits aver that the child described in graphic detail Sells's masturbating in front of the child, rubbing his genitals on the child's genitals, twice performing oral sex on the child and forcing the child to reciprocate, and penetrating the child's anus with his penis. In addition to relying on the disturbing and serious nature of these charged offenses to support a high bail amount, the State also pointed to Sells's lengthy criminal history, beginning with his 2003 juvenile conviction for aggravated sexual assault and reckless serious bodily injury to a child, for which he received probation. When he violated probation,

2

he was sent to Grayson County Boot Camp, which he failed to complete. He was later transferred to adult probation with a ten-year sex-offender-registration requirement. He then failed to comply with the registration requirement twice: in 2008, he was sentenced to ten months in state jail, and in 2011, he was sentenced to one year in state jail. Also in 2011, he was convicted of three counts of misdemeanor criminal trespass. In 2013, he failed to appear for a court date. In 2014, he was convicted of misdemeanor theft. And in 2017, he was again booked for failing to appear for a misdemeanor court date.

For his part, Sells's evidence at the habeas hearing centered upon his limited financial resources and his 22 years of residence in Wichita Falls. Sells reported that when he had inquired about a bond, a bondsman had quoted him $100,000—an amount he could not raise, because he, his spouse, and his mother (with whom they lived) existed paycheck-to-paycheck. And those paychecks were sparse. Sells lost his fast-food job in February for reasons related to the COVID-19 pandemic, and he claimed that he had been prevented from applying for unemployment benefits because of his incarceration. His spouse had just obtained a job at Little Caesar's the week before trial. And his mother was unemployed due to a disability. He and his spouse had no assets—only his mother owned a vehicle, a 2014 Kia Rio—and no bank accounts. He knew of no family members or friends from whom he could raise money for the bond.

Sells testified that, if released, he would file for unemployment compensation—he expected to obtain $5,000 to $6,000—and would apply for work at restaurants. He agreed to comply with bond conditions, including those prohibiting his contact with any person under the age of 18, imposing reporting requirements, and requiring an ankle monitor.

At the conclusion of the hearing, Sells requested that the trial court lower the bail amount to $100,000 total. The trial court agreed to lower the bail but only to $930,000—$150,000 on each aggravated-sexual-assault count and $30,000 on the indecency count—explaining that it was considering Sells's "extensive criminal history," including a similar aggravated-sexual-assault charge and multiple failures to appear.

**Discussion**

Setting bail is a fact-driven determination that must be judged on a case's own unique facts. *Ex parte Cook*, No. 02-18-00537-CR, 2019 WL 2323643, at *3 (Tex. App.—Fort Worth 2019, no pet.) (per curiam) (mem. op., not designated for publication). We review the trial court's decision in setting a bail amount for an abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). We will not disturb

the decision if it was within the zone of reasonable disagreement. *Ex parte Wood*, 308 S.W.3d 550, 552 (Tex. App.—Beaumont 2010, no pet.).

Bail is primarily intended to assure the defendant's presence for trial. *See* Tex. Code Crim. Proc. Ann. art. 17.01; *Ex parte Vasquez*, 558 S.W.2d 477, 479 (Tex. Crim. App. 1977). In setting bail, the trial court must strike a balance between the defendant's presumption of innocence and the State's interest in assuring the defendant's presence at trial. *See Ex parte Simpson*, 77 S.W.3d 894, 896 (Tex. App.—Tyler 2002, no pet.) (per curiam); *Ex parte Brown*, 959 S.W.2d 369, 371 (Tex. App.—Fort Worth 1998, no pet.). The accused has the burden to show that the bail amount is excessive. *See Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980).

The court's discretion in setting a bail amount is statutorily governed by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

Tex. Code Crim. Proc. Ann. art. 17.15. Other circumstances to be considered include the accused's work record, family and community ties, length of residency, prior criminal record, and conformity with the conditions of any previous bond, as well as the existence of any outstanding bonds and aggravating circumstances involved in the charged offense. *See Rubac*, 611 S.W.2d at 849–50.

The uncontroverted evidence conveys that Sells is unable to post a $930,000 bail. He is indigent and represented by a public defender, has been unemployed since February, and has no familial financial resources from which to pull. This factor weighs in favor of a reduced bail amount, but it is not dispositive. *See Ex parte Jones*, 803 S.W.2d 712, 716 (Tex. Crim. App. 1991). Indeed, this is the only factor weighing in favor of a lower bail amount.

Sells is, of course, entitled to the presumption of innocence until proven otherwise. But bail is not set in a vacuum, and we must consider the nature and surrounding circumstances of the charges against him. *See* Tex. Code Crim. Proc. Ann. art. 17.15(3); *Rubac*, 611 S.W.2d at 849; *Ex parte Davila*, 623 S.W.2d 408, 409 n.2 (Tex. Crim. App. [Panel Op.] 1981). Sells's seven-year-old nephew has accused Sells of perpetrating multiple sexual assaults in a single day, providing a detailed account of the various acts in a forensic interview. The charges are serious and disturbing. If convicted of any one of the aggravated-sexual-assault charges enhanced by his juvenile conviction, Sells faces a mandatory life sentence. *See* Tex. Penal Code Ann. §§ 12.42(c)(2)(A), 22.021(e). If convicted of the indecency charge, he faces up to 10

6

years' incarceration. *Id.* §§ 12.34(a), 21.11(d). Both the gravity of the allegations against him and the potential sentences he faces weigh in favor of affirming the trial court's decision. *See Ex parte Nimnicht*, 467 S.W.3d 64, 67 (Tex. App.—San Antonio 2015, no pet.) ("A court may also consider the possibility an accused's reaction to a potential lengthy imprisonment might be to not appear for trial . . . .").

Sells argues that, despite the seriousness of the accusations against him, the bail amount is oppressive in light of Wichita County's recommended bail schedule, which recommends a bail amount of $35,000 for a first-degree-felony charge enhanced by a prior conviction. Contrary to the State's rebuttal that we cannot consider Wichita County's recommended bail schedule because it was not entered as an exhibit at trial, appellate courts routinely consider such recommendations as part of their review of the nature and circumstances of the charged offense even where it does not appear that the recommendations were admitted as an exhibit at the application hearing. *Ex parte Taylor*, No. 02-20-00010-CR, 2020 WL 1963788, at *4 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (collecting cases and rejecting the State's evidentiary-admissibility argument in an attempt to exclude the recommendations from our consideration). Nevertheless, the recommendations are only a guide, are nonbinding, and "are not conclusive as each case is extremely fact specific." *Id.* at *5.

We also may consider case law upholding similar amounts for first-degree-felony offenses. *See Ex parte Murray*, Nos. 02-13-00151-CR, 02-13-00152-CR, 02-13-

7

00153-CR, 2013 WL 5425312, at *1, 7–8 (Tex. App.—Fort Worth Sept. 26, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (upholding $750,000 bail for charge of aggravated assault with a deadly weapon where defendant had an extensive criminal history and trial court concluded he was "very much a danger to society"); *Brown v. State*, 11 S.W.3d 501, 504 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (upholding $500,000 bail for nonviolent first-degree-felony charge of drug trafficking despite defendant's strong community ties, inability to post bond, and record of appearing for past court dates); *Wright v. State*, 976 S.W.2d 815, 820–21 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (upholding $500,000 bail for first-degree-felony aggravated assault where defendant had threatened people at gunpoint and posed a flight risk). Given the facts before us and the case law, we do not consider the recommended bail schedule as a particularly persuasive factor here.

Despite Sells's arguments in his brief that he "has long standing ties to the community," the record does not support this assertion. Though he testified to living in Wichita Falls most of his life and to living in his mother's apartment there with his spouse, that is the extent of his community ties. He was unemployed at the time he was arrested, and his spouse had only recently obtained employment at a Little Caesar's. He owns no property in Wichita Falls. And the record is silent as to any sort of community involvement. His overall lack of community ties weighs against reversing the trial court's conclusion. *See Nimnicht*, 467 S.W.3d at 68.

Similarly working against him is his criminal history. Not only has he been previously convicted of aggravated sexual assault, but he has also failed to comply with court orders that are analogous to those which would go into effect upon his posting bail. He served ten months in state jail for failing to register as a sex offender. Seemingly undeterred, he served another year when he failed to register yet again. He has twice been convicted of failing to appear for a court date, and the trial court was free to disbelieve his explanations that he had not been notified of the court dates. These failure-to-appear convictions are no doubt concerning when considering that the intent of bail is to secure his appearance at trial. This factor further weighs in favor of affirming the trial court's decision.

And finally, we must consider the safety of Sells's accuser—his seven-year-old nephew—and the community. Sells testified that if released he would comply with prohibitions against any contact with children, but as the factfinder and from the best position to judge witness credibility, the trial court was free to doubt Sells's testimony, especially in light of Sells's history of disobeying court orders. *See Miles v. State*, 343 S.W.3d 908, 914 (Tex. App.—Fort Worth 2011, no pet.).

## Conclusion

Although $930,000 is a high bail amount that might be excessive under other circumstances, viewing all of the relevant factors here in the light most favorable to the trial court's ruling, we cannot conclude that the trial court erred by reducing Sells's bail to $150,000 on each of the six counts of aggravated sexual assault and $30,000 on

9

the indecency count. We therefore affirm the trial court's order on Sells's application for writ of habeas corpus.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 23, 2020

10