

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00095-CR

---

EX PARTE STUART HAMMONDS

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 24F1131-202 through 24F1142-202

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Stuart Hammonds is being held in a Bowie County jail on twelve separate counts of the third-degree felony offense of cruelty to non-livestock animals, specifically dogs. *See* TEX. PENAL CODE ANN. § 42.092(b)(1) (Supp.). Hammonds appeals the trial court's ruling on his application for a writ of habeas corpus seeking bond reduction. Hammonds contends that the trial court partially granted relief by reducing the bond setting but did not grant sufficient relief. Because we find no abuse of discretion in the trial court's ruling, we uphold its decision.

## I.       Background

After being indicted on twelve counts of cruelty to non-livestock animals, specifically alleging the torture and killing of dogs, the trial court set Hammonds's bail at $1,200,000.00. Hammonds filed a verified application for a writ of habeas corpus, seeking bail reduction, and the trial court held a hearing. At the hearing, Hammonds testified that he was unable to make bail because he was indigent and was being represented by a public defender. Hammonds stated that he was a resident of Bowie County, that his family resided in Bowie County, and that he did not have a passport. Hammonds explained that he had one prior misdemeanor for which he received time served of three days. He stated he had never violated any conditions of a bond, nor did he have outstanding bonds. Hammonds's father also testified that Hammonds had resided in Bowie County for his entire life, twenty-four years, and would have employment in Bowie County upon his release. According to Hammonds's father, Hammonds excelled in high school and in extracurricular activities. He further testified that his son was unable to afford the $1,200,000.00 and could not pay a bondsman because he was indigent "[o]n his own."

2

The trial court reduced the bond amount from $100,000.00 per count to $50,000.00 per count, totaling $600,000.00. Hammonds's counsel objected to the amount. Hammonds brings this interlocutory appeal, arguing that the reduction did not grant sufficient relief.

## II.     Standard of Review and Applicable Law

"An applicant for a writ of habeas corpus bears the burden of proving facts entitling him to relief." *Ex parte Highsmith*, 652 S.W.3d 850, 854 (Tex. App.—Austin 2022, pet. ref'd) (citing *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993) (orig. proceeding)). A trial court's determination "at a habeas proceeding regarding the imposition or reduction of bail 'will not be disturbed by this Court in the absence of an abuse of discretion.'" *Ex parte Newson*, 656 S.W.3d 655, 658 (Tex. App.—Texarkana 2022, no pet.) (quoting *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013)). "A trial court abuses its discretion when it applies 'an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion.'" *Id.* (quoting *DuBose v. State*, 915 S.W.2d 493, 498 (Tex. Crim. App. 1996), *overruled on other grounds by Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997)).

"The purpose of pretrial bail is to secure the defendant's appearance at trial." *Ex parte Gonzalez*, 383 S.W.3d 160, 161 (Tex. App.—San Antonio 2012, pet. ref'd) (citing *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980); *Ex parte Anunobi*, 278 S.W.3d 425, 428 (Tex. App.—San Antonio 2008, no pet.)). "Bail should not be used as an instrument of oppression, and excessive bail is prohibited by our state and federal constitutions, as well as the Texas Code of Criminal Procedure." *Id.* (citing *Ex parte Ivey*, 594 S.W.2d 98, 99

3

(Tex. Crim. App. [Panel Op.] 1980); U.S. CONST. amends. VIII, XIV; TEX. CONST. art. I, §§ 11, 13; TEX. CODE CRIM. PROC. ANN. art. 17.15). "Bail determinations are 'bounded and guided by our state and federal constitutions and state law.'" *Id.* at 161–62 (quoting *Ex parte Estrada*, 398 S.W.3d 723, 724 (Tex. App.—San Antonio 2008, no pet.)).

The Texas Code of Criminal Procedure states,

(a)     The amount of bail and any conditions of bail to be required in any case in which the defendant has been arrested are to be regulated by the court, judge, magistrate, or officer taking the bail in accordance with Articles 17.20, 17.21, and 17.22 and are governed by the Constitution and the following rules:

1.     Bail and any conditions of bail shall be sufficient to give reasonable assurance that the undertaking will be complied with.

2.     The power to require bail is not to be used to make bail an instrument of oppression.

3.     The nature of the offense and the circumstances under which the offense was committed are to be considered, including whether the offense:

(A)     is an offense involving violence as defined by Article 17.03; or

(B)     involves violence directed against a peace officer.

4.     The ability to make bail shall be considered, and proof may be taken on this point.

5.     The future safety of a victim of the alleged offense, law enforcement, and the community shall be considered.

6.     The criminal history record information for the defendant, including information obtained through the statewide telecommunications system maintained by the Department of Public Safety and through the public safety report system developed under Article 17.021, shall be considered, including any acts of family violence, other pending criminal

4

charges, and any instances in which the defendant failed to appear in court following release on bail.

      7.      The citizenship status of the defendant shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. "Other supportive data that this Court deems relevant includes: petitioner's work record, family ties, . . . length of residency, . . . ability to make the bond, . . . prior criminal record, . . . conformity with previous bond conditions, . . . other outstanding bonds, . . . and aggravating factors involved in the offense . . . ." *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981) (citations omitted).

"To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Ex parte Castellanos*, 420 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Unless he has shown that his funds and those of his family have been exhausted, a defendant must usually show that he made an unsuccessful effort to furnish bail before bail can be determined to be excessive." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Hammonds's "inability . . . to pay the amount of bail assessed does not render any amount of bail excessive." *Ex parte Ramirez-Hernandez*, 642 S.W.3d 907, 920 (Tex. App.—San Antonio 2022, no pet.) (quoting *Ex parte Nimnicht*, 467 S.W.3d 64, 68 (Tex. App.—San Antonio 2015, no pet.)). "In determining bail, indigence is a circumstance to be considered, but is not controlling." *Id.* (citing *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977)). "If the ability to make bond in a specified amount controlled, then the role of the trial court in setting bond would be completely eliminated, and the accused would be in the unique posture of determining what his bond should

be." *Id.* (quoting *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref'd)).

### III.    Analysis

The information before us demonstrates that Hammonds holds close ties to Bowie County, is a U.S. citizen, and has no passport. However, Hammonds was indicted on twelve separate counts of cruelty to non-livestock animals, in which the State alleged that Hammonds harmed, tortured, and killed dogs in various violent ways. As third-degree felonies, each of the alleged counts has a potential sentence of up to ten years imprisonment and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 12.34. Because Hammonds faces a significant potential sentence, the trial court could have reasonably concluded a possibility existed that Hammonds would not appear for trial. Furthermore, while Hammonds stated he could not afford the bond amount set at $1,200,000.00, he presented no evidence of exhausted funds or specific efforts to furnish bail in any amount. *See Ramirez-Hernandez*, 642 S.W.3d at 920. Hammonds presented no testimony as to the amount that he could afford and no evidence of attempts to post bail or of his or his family's resources. Accordingly, we find that the trial court, in considering the factors above, acted within the guidelines when deciding to reduce the bond amount by half, to $600,000.00, or $50,000.00 per offense. *See Nimnicht*, 467 S.W.3d 64, 68 (Tex. App.—San Antonio 2015, no pet.); *Ramirez-Hernandez*, 642 S.W.3d at 920. Hammonds's sole issue on appeal is overruled.

6

## IV. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     July 22, 2025
Date Decided:     August 14, 2025

Do Not Publish